**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GREGG EBELING, | No. 12-16350 |
| Petitioner - Appellant, | D.C. No. 3:10-cv-00356-RCJ-WGC |
| v. | |
| GREGORY SMITH; NEVADA ATTORNEY GENERAL, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted September 10, 2014[**]
San Francisco, California

Before: BEA, IKUTA, and HURWITZ, Circuit Judges.

Gregg Ebeling appeals the district court's denial of his petition for a writ of

habeas corpus under 28 U.S.C. § 2254(a). The Nevada Supreme Court's denial of

Ebeling's claim that his Sixth and Fourteenth Amendment rights were violated by

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

the trial court's limitations on the cross-examination of the child witnesses, and by the exclusion of expert testimony regarding the child witnesses, was not contrary to or an unreasonable application of clearly established Supreme Court precedent. *Cf. Taylor v. Illinois*, 484 U.S. 400, 411 (1988); *Chambers v. Mississippi*, 410 U.S. 284, 302–03 (1973). The trial court did not prohibit Ebeling "from engaging in otherwise appropriate cross-examination," *see Delaware v. Van Arsdall*, 475 U.S. 673, 679–80 (1986), and there is no Supreme Court case addressing the exclusion of expert testimony, *Moses v. Payne*, 555 F.3d 742, 757–59 (9th Cir. 2008). Although Ebeling failed to exhaust his due process claim based on prosecutorial misconduct, we deny it on the merits, 28 U.S.C. § 2254(b)(2), because the prosecutor's comments did not make the trial fundamentally unfair. *See Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974).

**AFFIRMED**.